UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY M. REHO,<br>    Plaintiff,<br><br>v.<br><br>SACRED HEART UNIVERSITY, INC.,<br>    Defendant. | )<br>) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>) OCTOBER 11, 2016<br>) |

## COMPLAINT

### Jurisdiction

1. The jurisdiction of this Court upon 28 U.S.C. § 1331, in that the action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended, and C.G.S.A. § 46a-60(a)(1).

### Venue

2. Venue is proper in this district under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district and State, and the Defendant is a resident of the State in which the district is located.

### The Plaintiff

3. At all relevant times herein, the Plaintiff, Gary M. Reho (the "Plaintiff"), was an individual residing in the State of Connecticut.

### The Defendant

4. At all relevant times herein, the Defendant, Sacred Heart University, Inc. (the "Defendant"), was an educational institution, with its principal place of business at 5151 Park Avenue, Fairfield, Connecticut 06825.

## The Preliminary Statement

5. The Plaintiff seeks by this action to recover damages as a result of the Defendant's willful discrimination against the Plaintiff due to his disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, as amended, and C.G.S.A. § 46a-60(a)(1).

6. On or about February 24, 2016, the Plaintiff filed a claim with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the United States Equal Employment Opportunity Commission ("EEOC"), claiming illegal discrimination on the basis of disability.

7. On or about September 29, 2016, the CHRO issued a Release of Jurisdiction to the Plaintiff.

8. On or about September 29, 2016, the EEOC issued a Notice of Right to Sue Letter to the Plaintiff.

## Facts

9. The Plaintiff, Gary Reho, was hired by the Defendant, Sacred Heart University, Inc., as the head football coach on or about July 1, 1990.

10. On or about October 22, 1990, in the Plaintiff's first "Performance Appraisal for Administrative and Professional Employees," his supervisor stated, "In the short time you've been here you have made our department better. All of us can learn from your organizational and management skills."

11. In 1996, in addition to continuing as the head football coach, the Plaintiff accepted a position as the Associate Director of Athletics.

12. On or about July 1, 1997, the Plaintiff accepted a newly created position with the Defendant as the Director of the William H. Pitt Health and Recreation Center and Athletic Facilities (the "Pitt Center"), a new facility on the Sacred Heart University campus that housed basketball courts, training facilities, locker rooms, and offices for the Athletics Department staff.

13. As Director of the Pitt Center, the Plaintiff's responsibilities included reporting to the Dean of Students, managing and coordinating the day-to-day operations of the Pitt Center, managing and coordinating special events, supervising staff members, and developing the Pitt Center operating budget.

14. The Plaintiff never received verbal or written warnings, disciplinary actions, or reprimands during his employment with the Defendant.

15. The Plaintiff received high praise in each of his annual performance reviews.

16. In December, 2014, the Plaintiff underwent a neurologic consult examination with the Associated Neurologists of Southern Connecticut, P.C.  This examination followed a number of cataract surgeries in 2013 and 2014.

17. On or about December 22, 2014, after examinations and testing by Neuropsychologist, Dr. Christine McCarthy ("Dr. McCarthy") and Dr. Srinath Kadimi ("Dr. Kadimi"), it was determined that the results of those tests were consistent with a diagnostic impression of Posterior Cortical Atrophy type of Major Neurocognitive Disorder, or, in other words, onset of Dementia.

18. On or about December 22, 2014, following an examination, Dr. McCarthy wrote, "Mr. Reho's cognitive functioning and emotional wellbeing will be improved by returning to work."

19. In January, 2015, in the spirit of full disclosure, the Plaintiff reported Dr. McCarthy's findings to the Defendant, and provided it with the Neuropsychological Evaluation Report from the Plaintiff's December 22, 2014 evaluation, which included Dr. McCarthy's recommended accommodations and modifications to the Plaintiff's job duties.

20. From February, 2015, through June, 2015, there were communications between the Human Resources Department at Sacred Heart University, including Julie Nofri ("Nofri"), the Executive Director for Human Resources, and Sally Schettino ("Schettino"), a Human Resources Project Manager, and the Associated Neurologists of Southern Connecticut, P.C.  These communications included an inquiry as to whether the Plaintiff could perform the essential functions of the Plaintiff's job based on the Defendant's job description for the Plaintiff's position.

21. On or about June 10, 2015, in a letter from Dr. McCarthy to Ms. Nofri addressed the questions raised in numerous letters from the Defendant.  In her letter, Dr. McCarthy states, "Mr. Reho is NOT described as an ' . . . individual who is possibly a candidate for legal conservatorship' in any portion of my report of his December 2014 neuropsychological evaluation."

22. In addition, in Dr. McCarthy's response to the May 28, 2015 letter from the Defendant claiming that the Plaintiff's doctor opined that the Plaintiff could not perform the essential functions of his job, Dr. McCarthy wrote that it was " . . . an entirely incorrect and inaccurate account of the overall gist of the professional opinions that I related over the course of our past telephone conversations."

23. The Defendants failed to engage in the interactive process required by the ADA to determine the possible accommodations that may be required.

24. On or about August 27, 2015, the Plaintiff was terminated from his position with the Defendant in a letter sent to him from Robert Hardy, the Vice President of Human Resources. The letter stated that "the position of Director of the William H. Pitt Health & Recreation Center/Athletics Facility is no longer a viable position . . ."

### FIRST COUNT

1-23. Paragraphs 1 through 23 alleged above are incorporated by reference and made a part hereof as though fully set forth.

25. The Plaintiff is a member of a protected class based on his disability and/or perceived disability.

26. The Defendant terminated the Plaintiff from his employment on the basis of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended.

27. The Defendant further failed to make reasonable accommodations for the Plaintiff and his job responsibilities when the accommodations were necessary to avoid discrimination on the basis of his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended.

28. As evidenced in over twenty-five years of employment and excellent performance reviews, the Plaintiff was qualified for his position with the Defendant. In addition, Dr. McCarthy opined that the Plaintiff's " . . . cognitive functioning and emotional wellbeing . . ." would improve by his returning to work.

29. As a result of the Defendant's conduct as alleged above, the Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended.

30. As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered and continues to suffer damages.

## SECOND COUNT

1-29. Paragraphs 1 through 23 of the First Count alleged above are incorporated by reference and made a part hereof as though fully set forth.

31. The Plaintiff is a member of a protected class based on his disability and/or perceived disability.

32. The Defendant terminated the Plaintiff on the basis of his disability, in violation of C.G.S.A. § 46a-60(a)(1).

33. The Defendant further failed to make reasonable accommodations for the Plaintiff in his job responsibilities when the modifications were necessary to avoid discrimination on the basis of disability, in violation of C.G.S.A. § 46a-60(a)(1).

34. As evidenced in over twenty-five years of employment and excellent performance reviews, the Plaintiff was qualified for his position with the Defendant. In addition, Dr. McCarthy opined that the Plaintiff's " . . . cognitive functioning and emotional wellbeing . . . " would improve by returning to work.

35. As a result of the Defendant's conduct as alleged above, the Defendant violated C.G.S.A. § 46a-60(a)(1).

36. As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered and continues to suffer damages.

## THIRD COUNT

1-23. Paragraphs 1 through 23 of the First Count alleged above are incorporated by reference and made a part hereof as though fully set forth.

37. The Defendant intended to inflict emotional distress upon the Plaintiff or knew or should have known that emotional distress was a likely result of terminating the Plaintiff because the Plaintiff was a loyal employee for over twenty-five years and the Defendant was aware that continuing to and returning to work would improve his "cognitive functioning and emotional wellbeing."

38. The Defendant's conduct of terminating the Plaintiff after twenty-five years of exceptional work due to the Plaintiff's disability was extreme and outrageous.

39. The Defendant's conduct caused and still causes the Plaintiff to suffer severe emotional distress.

WHEREFORE, the Plaintiff prays this Court:

a. Assumes jurisdiction of this action;
b. Award the Plaintiff compensatory damages as a result of the Defendant's willful violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended;
c. Award the Plaintiff back pay and front pay under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended;
d. Award the Plaintiff punitive damages under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended;
e. Award the Plaintiff reasonable attorneys' fees under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, as amended;
f. Award the Plaintiff compensatory damages as a result of the Defendant's willful violation of C.G.S.A. § 46a-60(a)(1);
g. Award the Plaintiff back pay and front pay under C.G.S.A. § 46a-60(a)(1);
h. Award the Plaintiff punitive damages under C.G.S.A. § 46a-60(a)(1);
i. Award costs of this action;
j. Award interest;
k. Grant such other and further relief as may appear to this Court to be equitable, just, and proper.

THE PLAINTIFF HEREBY REQUIESTS A JURY TRIAL ON ALL COUNTS.

THE PLAINTIFF,
GARY M. REHO

BY: /s/ Michael Satti
Michael E. Satti (CT01311)
Michael E. Satti, Attorney at Law, LLC
185 South Broad Street, Suite 301
Pawcatuck, CT 06379
Tel.: (860) 599-5988
Fax: (860) 599-5976
HIS ATTORNEY